**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| HANWHA Q CELLS USA CORP, | Case No. 3:22-CV-00241-LRH-CLB |
| Movant, | **ORDER GRANTING MOTION TO QUASH DEPOSITION SUBPOENA, DENYING MOTION TO COMPEL, AND DENYING AS MOOT MOTION TO STRIKE** |
| v. | |
| FCX SOLAR, LLC, | |
| Respondent. | [ECF Nos. 1, 5, 8] |

Pending before the Court is Movant Hanwha Q Cells USA Corp.'s ("Q Cells") motion to quash deposition subpoena, (ECF No. 1), served on Q Cells by Respondent FCX Solar, LLC ("FCX") in connection with a lawsuit currently pending in the United States District Court for the Southern District of New York (*FCX Solar, LLC v. FTC Solar, Inc.*, Cause No. 21-CV-3556, 21-CV-8766). FCX responded to the motion, (ECF No. 5), and Q Cells replied, (ECF No. 7).[1] Also pending before the Court is FCX's cross-motion to compel, (ECF No. 5), which was incorporated into FCX's response to the motion to quash. Q Cells filed a motion to strike FCX's cross-motion to compel, (ECF No. 8). FCX responded, (ECF No. 11), and Q Cells replied, (ECF No. 13).

For the reasons discussed below, the motion to quash, (ECF No. 1), is granted, the cross-motion to compel, (ECF No. 5), is denied, and the motion to strike, (ECF No. 8), is denied as moot.

///

---

[1]   On July 13, 2022, FCX filed a notice of the United States District Court for the Southern District of New York's order denying a motion for protective order regarding the subpoenas at issue in this action, as well as several others served by FCX to other third parties. (ECF No. 16.) The motion for protective order was filed by the Defendant FCX in the New York action—not by any of the third parties who were served with the subpoenas. (*Id*.) Thus, based on this Court's review of order, it appears the New York court denied the motion based upon FCX's lack of standing and therefore that order does not resolve the issues presented by the motions pending before this Court.

1

## I.     LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to a party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *see also ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (the scope of third-party discovery is subject to the same limitations). The discovery process should be cooperative and largely unsupervised by the court. *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).

Rule 45 governs the issuance of subpoenas requiring non-parties to produce designated documents. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). A court must grant a timely motion to quash or modify a subpoena that fails to allow reasonable time to comply, requires a person to comply beyond the geographical limits, requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A). The movant seeking to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005). Whether a subpoena is unduly burdensome depends on the facts of each specific case. *Id.* Additionally, "courts have incorporated relevance as a factor when determining motions to quash a subpoena, particularly when considering whether there is an undue burden." *Bird v. PSC Holdings I, LLC*, 2013 WL 12108107, at *1 (S. D. Cal. Nov. 20, 2013) (internal quotations and citation omitted).

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     DISCUSSION AND ANALYSIS

### A.     Motion to Quash – Deposition Subpoena

The motion to quash relates to a subpoena served on Q Cells' registered agent, which seeks to take a deposition of Q Cells pursuant to Federal Rule of Civil Procedure 30(b)(6) and for the production of documents ("Deposition Subpoena"). (ECF No. 1.) Q Cells argues the Deposition Subpoena is procedurally defective because: (1) it was not served with the required witness fee pursuant to Fed. R. Civ. P. 45(b)(1); and (2) it is facially noncompliant with Rule 45(c)(2)'s 100-mile rule and must be quashed under Rule 45(d)(3). (ECF No. 1 at 2-3.) In addition to the purported procedural defects, Q Cells also argues the Deposition Subpoena is substantively improper as it is unduly burdensome, seeks confidential commercial information and trade secrets, and seeks privileged information. (*Id.* at 4-8.)

The Court only addresses Q Cells challenge of the Deposition Subpoena under the 100-mile rule, as this itself is sufficient to grant the Motion to Quash. Q Cells asserts that while it is incorporated in Nevada, none of the employees who have knowledge of the topics designation in the subpoena reside or work in Nevada. Rather, these employees reside in California and Arizona, well over 100-miles from the designated place of the deposition. (*Id.* at 3.) FCX does not dispute that the Deposition Subpoena is outside the 100-mile limitation, but instead argues the Court should modify the subpoena to comply with the 100-mile rule. (ECF No. 5 at 7-8.)

Looking to the language of Rule 45(d)(3)(A)(ii) and Rule 45(c)(1), the subpoena must be quashed under Rule 45(d)(3)(A)(ii) because it requires compliance "beyond the geographical limits specified in Rule 45(c)." Specifically, it does not comply with Rule 45(c)(1)(A), applicable to depositions, because it requires attendance at a place that is not "within 100 miles of where the person resides, is employed, or regularly transacts business." Because FCX does not dispute that the Deposition Subpoena does not comply with the 100-mile rule, the Court grants the motion to quash, except with respect to the request for attorneys' fees.

**B.     Cross-Motion to Compel and Motion to Strike – Inspection Subpoena**

The cross-motion to compel relates to a second subpoena served on Q Cells' registered agent, which seeks an inspection of Q Cells property located in Wolfe City, Texas ("Inspection Subpoena"). (ECF No. 5.) The motion to strike argues the cross-motion to compel should be stricken as it does not comply with the Local Rules and because it concerns a different subpoena (Inspection Subpoena) than the one that is the subject of the motion to quash (Deposition Subpoena). (ECF No. 8.)

The Court has reviewed the cross-motion to compel and motion to strike, (ECF Nos. 5, 8), and finds the Inspection Subpoena also violates Fed. R. Civ. P. 45 and must be quashed. The Inspection Subpoena is seeking an inspection of property in Texas. Therefore, compliance with the Inspection Subpoena cannot and will not occur in Nevada. Rule 45 requires that any motion to compel Q Cells to comply with the Inspection Subpoena must be filed in the appropriate court in Texas where the premises sought to be inspected is located. Fed. R. Civ. P. 45(d)(B)(i) (serving party may move the court for the district where compliance is required for an order compelling production or inspection) (emphasis added). Because the Inspection Subpoena was not filed in the proper district, the Court denies the cross-motion to compel, (ECF No. 5), and denies the motion to strike as moot. (ECF No. 8.)

///

///

///

///

///

///

///

///

///

///

III.   **CONCLUSION**

For the reasons discussed above, **IT IS ORDERED** that the motion to quash (ECF No. 1) is **GRANTED,** except as to the request for attorneys' fees.

**IT IS FURTHER ORDERED** that FCX is hereby precluded from taking the deposition of Q Cells and from seeking documents from Q Cells pursuant to the Deposition Subpoena.

**IT IS FURTHER ORDERED** that the cross-motion to compel, (ECF No. 5), is **DENIED.**

**IT IS FURTHER ORDERED** that the motion to strike, (ECF No. 8), is **DENIED as moot.**

**IT IS SO ORDERED.**

**DATE:** _____July 15, 2022_____.

_____

**UNITED STATES MAGISTRATE JUDGE**